**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5000**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALDRANARD JARMEL BENNETT,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:08-cr-00083-F-1)

Submitted:  July 14, 2011              Decided:  July 21, 2011

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aldranard Jarmel Bennett appeals his conviction and 120-month sentence after he pled guilty without a plea agreement to one count of possession of a firearm by a felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2011). Bennett's sole argument on appeal is that the district court committed reversible error when it failed to address his request for a below-Guidelines sentence because of his ailing health. We affirm the district court's judgment.

Because Bennett requested a sentence below his Guidelines range, his claim was properly preserved, and this court reviews it for reasonableness under an abuse of discretion standard, reversing "unless . . . the error was harmless." United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) ("By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim.").

This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall v. United States, 552 U.S. 38, 51 (2007). This court must first assess whether the district court properly calculated the advisory Guidelines range, considered the § 3553(a) factors,

analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see Lynn, 592 F.3d at 576 ("[A]n individualized explanation must accompany *every* sentence.") (emphasis in original); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review") (internal quotation marks and citation omitted). "Although a court need not necessarily issue a comprehensive, detailed opinion, the court's explanation must nonetheless be sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

The district court's explanation "need not be elaborate or lengthy[,]" however. Carter, 564 F.3d at 330. "That is especially true where, as here, the sentence is inside the advisory guidelines range." United States v. Johnson, 587 F.3d 625, 639 (4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). As this court has noted: "Gall was quite explicit that district courts should provide more significant justifications for major departures than for minor ones. But when a district

3

court does not depart or vary at all, it may provide a less extensive, while still individualized, explanation." Id. (internal citations, quotation marks and brackets omitted).

If there is no procedural error, we may then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks and citation omitted). However, we presume that a sentence within a properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We reject Bennett's argument that his sentence should be vacated because the district court did not explain why it rejected his health-related argument. This court may look to the entirety of Bennett's sentencing proceeding to determine whether the district court understood Bennett's argument for a reduced sentence but had reasons for rejecting that argument. See Rita, 551 U.S. at 344-45, 358-59. Unlike in Lynn, it is apparent from the record that the district court considered counsel's argument for a below-Guidelines sentence, stated that it was adopting the presentence investigation report's ("PSR") findings as its rationale for Bennett's sentence, and discussed the § 3553(a) factors it believed justified Bennett's sentence.

4

See United States v. Hernandez, 603 F.3d 267, 272 (4th Cir. 2010) (finding no procedural error where the district court adopted the PSR, heard counsels' argument and the defendant's allocution, stated that it considered the § 3553(a) factors and concluded that a Guidelines sentence satisfied those factors, and imposed the sentence requested by the defendant, while explicitly recognizing that the last criterion was not dispositive of its affirmance); cf. Lynn, 592 F.3d at 584-85 (finding reversible error where the district court gave "no indication that [it] considered the defendant's nonfrivolous arguments prior to sentencing him" and stated only that it found Lynn's sentence to be "fair and appropriate and consistent with the requirements of § 3553(a)" before imposing Lynn's sentence) (internal ellipses and brackets omitted).

Although, admittedly, it would have been preferable for the district court to have specifically mentioned Bennett's health when it explained how it believed the § 3553(a) factors justified the sentence imposed, the district court explicitly acknowledged that it was aware of Bennett's ailing health before imposing sentence and indicated that it was recommending a particular correctional institution "because of its medical facilities[.]" Thus, the record makes clear that the district court "considered the [defendant's] . . . arguments" in fashioning its sentence. See Rita, 551 U.S. at 359.

5

We find that the district court's analysis as to why it believed the 120-month sentence was justified under § 3553(a) allows this court to conduct "meaningful appellate review" and promote[s] the perception of fair sentencing[,]" and that its reasoning for Bennett's sentence was sufficiently individualized and reflected a considered rationale. Gall, 552 U.S. at 50. Thus, because the sentencing transcript makes clear that the district court considered counsel's arguments for a below-Guidelines sentence but had a "reasoned basis for exercising its own legal decisionmaking authority," United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita, 551 U.S. at 356), cert. denied, 131 S. Ct. 165 (2010), we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED